```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JANICE RIDDLE, | CIVIL ACTION NO. 06-5100 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| AMERICAN AIRLINES, | |
| Defendant. | |

**THE COURT** having ordered the parties to show cause why the action should not be transferred to the United States District Court for the Eastern District of Missouri under 28 U.S.C. § ("Section") 1404 (dkt. entry no. 4, Order to Show Cause ("OTSC")); and the defendant removing this action from New Jersey state court under Section 1332 (dkt. entry no. 1); and it appearing that the plaintiff seeks to recover damages for personal injuries suffered on the defendant's premises in St. Louis, Missouri, which is in the United States District Court for the Eastern District of Missouri; and the Court being led to believe that the plaintiff is a New Jersey citizen, and the defendant is a citizen of Delaware and Texas (Compl., at 1; Rmv. Not., at 2); and the defendant denying the plaintiff's venue allegation (see Answer, at VENUE, ¶ 1); and

**THE COURT** assuming, arguendo, that the action is properly placed in New Jersey under Section 1406; but the Court having broad discretion under Section 1404 to consider a transfer of

venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877, 883 (3d Cir. 1995); and it appearing that this action would have been more properly brought in the Eastern District of Missouri, where (1) the defendant is present, (2) the accident occurred, (3) a court will be familiar with the accident site, (4) most of the witnesses probably live and can be compelled to testify, (5) evidence will be found, (6) controlling Missouri law will be easily applied, and (7) citizens will have an interest in the outcome, see Finkelstein v. Simms, No. 96-6864, 1997 WL 288610, at *1-*5 (E.D. Pa. May 21, 1997) (granting motion to transfer under Section 1404 even though plaintiff was citizen of venue where action brought), Nanni v. Meredith Paving Corp., No. 94-7260, 1995 WL 128033, at *1-*2 (E.D. Pa. Mar. 24, 1995) (same), Rahwar v. Nootz, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (same), Harris v. Lewis, No. 91-5918, 1993 WL 126430, at *3-*4 (E.D. Pa. Apr. 21, 1993) (same); and it appearing that the venue where a plaintiff is receiving medical treatment for the injury at issue does not control, Rahwar, 1994 WL 723040, at *2 (rejecting plaintiff's argument that action should be in home venue as medical treatment ongoing there), Nanni, 1995 WL 128033, at *1-*2 (same); and it appearing that the convenience of counsel is not a consideration as to the issue of

proper venue, see Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973); and the Court thus advising the parties of the intention to transfer the action to the Eastern District of Missouri (OTSC, at 2-3); and

    **THE DEFENDANT**, in response, agreeing that the action should be transferred to the Eastern District of Missouri for the reasons listed by the Court, and because (1) the plaintiff allegedly was injured by a subcontractor's Missouri employees, and (2) that subcontractor is required to indemnify the defendant under a relevant contract (dkt. entry no. 6, 1-30-07 Def. Resp.; dkt. entry no. 8, 3-2-07 Def. Resp.); and the plaintiff submitting — but not electronically filing — a letter requesting that the action be transferred to California, inter alia, "based upon plaintiff's residency" (Pl. Counsel Letter dated 2-6-07, but received 2-15-07); and the Court giving little deference to the plaintiff's choice of forum, as it appears that this action has no connection to the venue wherein the plaintiff chose to institute it, i.e., the state of New Jersey, see Jolly v. Faucett, No. 06-3286, 2007 WL 137833, at *3 (E.D. Pa. Jan. 16, 2007) (granting motion to transfer to Maryland even though plaintiff was Pennsylvania citizen, as defendants from there,

accident occurred there, and Maryland law applied);[1] and thus the Court intending to transfer the action to the Eastern District of Missouri; and for good cause appearing, the Court will issue an appropriate order.[2]

                                                         <u>s/ Mary L. Cooper</u>
                                                         **MARY L. COOPER**
                                                         United States District Judge

---

[1] The plaintiff also argues that the action should not be transferred to Missouri because of her "state of health." (Pl. Counsel Letter.) This argument is without merit, as the plaintiff apparently was able to travel to Missouri where the incident at issue occurred.

[2] The plaintiff, upon realizing that she was not a New Jersey citizen, may have been able to bring a new action in California and then withdraw this action. <u>See</u> Fed.R.Civ.P. 41(a). The Court will not consider granting such relief now.